FILED

13 DEC 19 AM 10:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOPEZ-MARTINEZ,<br><br>                  Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br>                  Respondent. | CASE NOS. 13-CV-0274 BEN<br>                 12-CR-3260 BEN-1<br><br>**ORDER DENYING**<br>**28 U.S.C. § 2255 MOTION** |

    Petitioner Samuel Lopez-Martinez moves pursuant to 28 U.S.C. § 2255 for a reduction in his sentence based on his alien status and challenges Bureau of Prisons' policies which preclude him from participating in certain pre-release programs. Both because he waived the right to challenge his sentence and because his Equal Protection argument lacks merit, the Court **DENIES** the motion.

## DISCUSSION

### I. WAIVER

    The Ninth Circuit recognizes strong public policy considerations justifying the enforcement of a defendant's waiver of his right to appeal or collaterally attack a judgment. *United States v. Novarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). Waivers play an important role in the plea bargaining process and help ensure finality. *Id.* at 322. Generally, courts enforce a defendant's waiver of his right to appeal, as long as the waiver was "knowingly and voluntarily made" and "encompasses the

defendant's right to appeal on the grounds claimed on appeal." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)).

Petitioner waived his right to collaterally attack his sentence in his plea agreement. Plea Agreement (Docket No. 27) ¶ XI. The plea agreement states that Petitioner "waives, to the full extent of the law, any right to appeal or to collaterally attack the sentence, including any restitution order, unless the Court: (1) denies defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b); and (2) imposes a custodial sentence above the greater of the high end of the guideline range . . . , or the statutory mandatory minimum term, if applicable." *Id.* Petitioner's knowing and voluntary waiver of his right to collaterally attack his sentence requires denial of his § 2255 motion.

## II. EQUAL PROTECTION

Petitioner filed the present motion under 28 U.S.C. § 2255, but his Equal Protection challenge to the constitutionality of certain Bureau of Prisons' policies is better construed as a challenge to the manner in which his sentence is being executed under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (instructing that petitions challenging the "manner, location or conditions of a sentence's execution must be brought pursuant to § 2241"); *see also Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (illustrating that challenges to Bureau of Prisons' policies are challenges to the execution of an inmate's sentence). Construing his motion liberally, the Court considers Petitioner's Equal Protection claim under 28 U.S.C. § 2241. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (noting a court's "duty to construe pro se pleadings liberally").

Petitioner claims that Bureau of Prisons' policies that prevent him from participating in certain programs due to his alien status violate his right to Equal Protection. However, Bureau of Prisons policies preventing deportable aliens from participating in certain programs survive constitutional challenge. *Cf. McLean v.*

1  *Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999) (finding BOP exclusion of prisoners
2  with detainers, including INS detainers, from community-based program based on
3  petitioners' alien status did not violate Equal Protection).

4      Additionally, a number of district courts have also found that policies preventing
5  alien prisoners from participating in certain pre-release programs are also justified
6  because the purpose of the program — helping prisoners reenter the community after
7  serving their sentence — is not advanced in the case of prisoners who will be deported
8  upon release. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1169-70
9  (S.D. Cal. 2000) (upholding deportable alien's ineligibility for community
10 confinement); *United States v. Rodas-Jacome*, No. 06-CV-1481, 2007 WL 1231630,
11 at *4 (S.D. Cal. Apr. 24, 2007) (upholding restrictions for alien prisoners to obtain
12 "good time" credits in rehabilitation programs). Because deportable alien prisoners
13 pose a greater flight risk and the public policy justifications for pre-release programs
14 are inapplicable, the challenged policies survive constitutional scrutiny and Petitioner's
15 Equal Protection claim fails. The Court also denies relief under § 2241.

16     The Court **DENIES** a certificate of appealability because the issues are not
17 debatable among jurists of reason and there are no questions adequate to deserve
18 encouragement.

19                                 **CONCLUSION**

20     Petitioner's motion is **DENIED**. The Clerk shall close case number 13-CV-0274
21 BEN.

22     **IT IS SO ORDERED.**

24 DATED: December /9, 2013

HON. ROGER T. BENITEZ
United States District Judge